# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

   v.

**Case No. 08-C-761**
**(Criminal Case No. 06-CR-292)**

**ARMANDO GARCIA,**

        **Movant.**

# DECISION AND ORDER

This matter is before the Court on the pro se motion of the Movant, Armando Garcia ("Garcia"), under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.[1] Liberally construed, Garcia contends that his court-appointed counsel provided ineffective representation because counsel did not: (1) contest the veracity of the search warrant affiant and did not request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978); (2) continue to file pretrial motions seeking disclosure of the informant's identity; (3) present significant evidence favorable to the defense; and, (4) raise significant issues on appeal regarding the discrepancy of statements made by the detectives upon cross-examination and the presentation of false evidence at trial.

---

[1] On July 3, 2007, a jury returned a verdict convicting Garcia of possession with intent to distribute 500 grams or more of cocaine. On October 16, 2007, this Court sentenced him to 97 months of imprisonment. Garcia appealed. The court of appeals affirmed his conviction. *See United States v. Garcia*, 528 F.3d 481 (7th Cir. 2008).

Garcia's motion is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A district court may dismiss a § 2255 motion without holding a hearing or requiring the government to respond if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005) (quoting 28 U.S.C. § 2255 ¶ 2). "If it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief in the district court, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings. *See also Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006).

Section 2255 of Title 28 of the United States Code authorizes a federal prisoner to ask the court which sentenced him to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law" Garcia's contentions state an arguable claim for relief under § 2255.

Therefore, the Court will require the Plaintiff, United States of America, to file an answer to Garcia's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. The answer shall conform to the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. **On or before October 27, 2008**, the Plaintiff United States of America **SHALL FILE** an answer to Garcia's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.

2. The answer **SHALL** conform to the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Dated at Milwaukee, Wisconsin this 23rd day of September, 2008.

                              **BY THE COURT**

                              *s/ Rudolph T. Randa*
                              **Hon. Rudolph T. Randa**
                              **Chief Judge**