**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

        Plaintiff,

        **Case No. 08-C-761**
        **06-CR-292**

    -vs-

**ARMANDO GARCIA,**

        Movant.

---

## DECISION AND ORDER

---

This matter comes before the Court on Armando Garcia's ("Garcia") motion to vacate or set aside his sentence under 28 U.S.C. § 2255. This is not Garcia's first attempt to bring a § 2255 motion. However, Garcia's previous attempt (Case No. 07-C-775) was not a proper § 2255 motion because it was brought after he was convicted but before he was sentenced. *See United States of America v. Garcia*, Case No. 07-C-775 (E.D. Wis.), D. 2 at 1-2 ("Relief under § 2255 is only available to a prisoner 'in custody *under sentence of a court* established by Act of Congress claiming to be released in violation of the Constitution or laws of the United States'"). Therefore, the instant motion does not run afoul of the rules against second or successive collateral attacks. *See* § 2255(h).

Garcia was convicted of possession with intent to distribute 500 grams or more of cocaine. He was sentenced to 97 months imprisonment. Before trial, Garcia moved to suppress evidence seized during the execution of a search warrant at his girlfriend's

apartment for lack of probable cause. Judge Goodstein granted the motion, but the Court ultimately held that the warrant was supported by probable cause, and even if it was not, the evidence was saved by the "good faith" exception to the exclusionary rule. Garcia appealed and the Seventh Circuit affirmed. *See United States v. Garcia*, 528 F.3d 481 (7th Cir. 2008).

The relief sought pursuant to § 2255 "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Relief under § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991).

The first part of Garcia's motion reads like an attempt to relitigate his suppression motion, but he is barred from doing so by the law of the case doctrine. *See White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) ("the doctrine of the law of the case . . . forbid[s] a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal"). The remainder of Garcia's claims fall under the rubric of ineffective assistance, which are generally allowed in the context of a § 2255 motion even if they were not raised on direct appeal. *See Fountain v. United States*, 211 F.3d 429, 433-34 (7th Cir. 2000).

Garcia must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that the deficient performance so prejudiced his defense that it deprived him of a fair trial. *See Fountain* at 434 (citing *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984)). It is not the Court's task to act as a "Monday morning quarterback" or

-2-

to "call the plays as [the Court] think[s] they should have been called." *Id.* (quoting *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990) and *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). Accordingly, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quoting *Trevino* at 338). In addition, Garcia must satisfy the prejudice prong by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* (quoting *United States v. Starnes*, 14 F.3d 1207, 1209-10 (7th Cir. 1994)).

Garcia argues that his counsel was ineffective because he (1) failed to contest the veracity of the affidavit for probable cause, (2) failed to continue filing dispositive pretrial motions with respect to disclosure of the confidential informant, (3) failed to present "significant" evidence favorable to the defendant, and (4) failed to raise significant issues on appeal regarding discrepancies in cross examination. Without even considering deficient performance, Garcia's motion must fail on the prejudice inquiry. The cumulative evidence presented at trial "overwhelmingly tie[d] Garcia to the apartment" where drugs, cash, and drug paraphernalia were found. *See Garcia*, 528 F.3d at 485. Therefore, Garcia cannot demonstrate a reasonable probability that the outcome of the trial would have been different but for his counsel's performance. Moreover, any complaints about counsel's performance with respect to the suppression motion are without merit. Garcia's counsel did an admirable job, convincing Judge Goodstein that the evidence should be suppressed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Garcia's motion for judgment on the pleadings [D. 3, 6] is **DENIED**; and

2. Garcia's § 2255 motion to vacate or set aside his conviction [D. 1] is **DENIED**

Dated at Milwaukee, Wisconsin, this 12th day of January, 2009.

                                **SO ORDERED,**

                                *s/ Rudolph T. Randa*
                                **HON. RUDOLPH T. RANDA**
                                **Chief Judge**